UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ZIEMER,

    Plaintiff,

v.                                    Case No. 16-CV-1372

DR. LEHNERT DDS, et al.,

    Defendants.

## ORDER

The plaintiff, William Ziemer, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983. This matter is before me on plaintiff's motion to proceed without prepayment of the filing fee and for screening of his complaint, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a).

*Plaintiff's Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On October 28, 2016, I ordered plaintiff to pay an initial partial filing fee of $3.20. Plaintiff paid that fee on November 8, 2016. As such, I will grant plaintiff's motion to proceed without prepayment of the full filing fee; he must pay the remainder of the filing fee as set forth at the end of this order.

*Screening of Plaintiff's Complaint*

Upon an initial review of a complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, I must identify cognizable claims and dismiss the complaint, or any part of it, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." § 1915A(a), (b)(1)–(2). To state a cognizable claim, a plaintiff need not provide "detailed factual allegations" but must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)).

*Allegations in the Complaint*

On February 19, 2016, while incarcerated at the Wisconsin Resource Center, plaintiff gave his upper and lower denture plates to defendants Dr. Lehnert, the dentist, and Ms. Stephenson, the dental assistant, for repair. Plaintiff utilizes full dental plates; he has no teeth of his own.

From March to May 2016, plaintiff wrote several times to Lehnert, Stephenson,

2

Case 2:16-cv-01372-LA   Filed 11/15/16   Page 2 of 5   Document 7

and defendant Dr. G. Monese (plaintiff's psychiatrist and medical provider), complaining of severe pain, bleeding gums, mouth sores, and deformed facial features as a result of not having his dental plates. Plaintiff states that they took no action.

In May 2016 and again in June 2016, plaintiff was called to the dental department for molds to be taken for new dentures. (It is unclear who called plaintiff to the dental department or who took the molds.) When plaintiff asked why nothing was being done to help him, he was told that Lehnert was on vacation. Finally, in July 2016, plaintiff received new upper and lower denture plates, although he has been unable to use the lower plate because it does not fit properly.

Plaintiff states that from February to July 2016, he was offered a soft diet and orajel; however, he suffered (and continues to suffer) from mouth sores, bleeding gums, pain, headaches, and deformed facial features as a result of not having his dentures.

*Analysis*

To state an Eighth Amendment claim based on deficient medical care, a plaintiff must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)). Plaintiff has sufficiently alleged that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed without prepayment of the filing fee (Docket #2) is **GRANTED**.

**IT IS ALSO ORDERED** that the warden of the institution where plaintiff is confined, or his designee, shall collect from plaintiff's prisoner trust account the $346.80

3

balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). Payments shall be clearly identified by case name and number.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic

case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of November, 2016.

s/ Lynn Adelman
_____
Lynn Adelman
District Judge

5

Case 2:16-cv-01372-LA   Filed 11/15/16   Page 5 of 5   Document 7